**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-03006-01-CR-S-DGK |
| | ) | |
| **BENNIE A. REYES**, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

The matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture. (Doc. 29) The Forfeiture Allegation of the Indictment in this case sought forfeiture pursuant to 21 U.S.C. § 853 as to Count One of the following property:

1. Approximately $3,030 in United States currency seized at 2232 N. Kellett Avenue, Springfield, Missouri on August 17, 2011;

2. A 9mm Sig Sauer 239 handgun, serial number SA11459 seized at 2232 N. Kellett Avenue, Springfield, Missouri on August 17, 2011;

3. A .380 Cobra FS380 handgun, serial number FS053455 seized at 2232 N. Kellett Avenue, Springfield, Missouri on August 17, 2011; and

4. Any miscellaneous ammunition seized at 2232 N. Kellett Avenue, Springfield, Missouri on August 17, 2011.

On May 9, 2013, Defendant Bennie A. Reyes ("Reyes") entered into a Plea Agreement with the United States wherein he agreed to plead guilty to the charge contained in Count One of the Indictment in this case, and he agreed to forfeit to the United States the property described above and in the Forfeiture Allegation of the Indictment.

The Court subsequently sentenced Reyes to 150 months imprisonment to be followed by 60 months of supervised release. Near the end of the sentencing hearing, the Court noted that a preliminary order of forfeiture had not yet been entered, and the Court reminded counsel for the Government to file a preliminary order of forfeiture. The sentencing hearing ended at approximately 2:29 p.m., and the Government filed its motion for a preliminary order of forfeiture at 4:01 p.m.

Federal Rule of Criminal Procedure 32.2 sets out the procedures governing criminal forfeiture. With respect to the timing of issuing a preliminary order, Rule 32.2(b)(2)(B) provides that, "[u]nless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." The preliminary order becomes final as to the defendant at sentencing, or sooner if the defendant consents. Fed. R. Civ. P. 32.2(b)(4)(A). The court must include the forfeiture when orally announcing the sentence or otherwise ensure at sentencing that the defendant knows of the forfeiture. Fed. R. Civ. P. 32.2(b)(4)(B). "The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." Id.

Failing to enter a preliminary order of forfeiture prior to sentencing is a technical violation of Rule 32.2 and also a potential procedural due process violation if the defendant has not otherwise clearly been given notice of the forfeiture or an opportunity to contest it. *United States v. Shakur*, 691 F.3d 979, 989 (8th Cir. 2012) (holding failure to enter a preliminary forfeiture order a due process violation because the court did not give the defendant an opportunity to object); *United States v. Martin*, 662 F.3d 301, 305 (4th Cir. 2011) (holding failure to enter preliminary order of forfeiture or explicitly mention of forfeiture at sentencing

hearing not a due process violation because the defendant was obviously on notice of the forfeiture from the post-trial forfeiture proceedings); *United States v. Christensen*, No. 4:12cr2044, 2012 WL 5354745, at *4 (D. Neb. Oct. 29, 2012) (holding failure to enter a preliminary forfeiture order not a due process violation because the defendant admitted in his plea agreement and at his change of plea hearing the requisite nexus between his actions and the forfeiture, and defendant showed no inclination to challenge the forfeiture allegations). Similar to *Christensen*, the Court holds that in this case the Government's failure to move for a preliminary order of forfeiture before the sentencing hearing is a clerical error and not a legal error. Reyes had detailed notice of the forfeiture in his plea agreement, he agreed to the forfeiture, the forfeiture was mentioned at his sentencing, and he did not object to the lack of any preliminary order.

Accordingly, the Court determines, based upon the evidence set forth in the Plea Agreement, that the United States has established the requisite nexus between the property described herein and the offense to which the defendant has pled guilty. By virtue of the Plea Agreement, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to 21 U.S.C. § 853.

Accordingly, it is hereby ORDERED:

1. Based upon Bennie A. Reyes's guilty plea and admission to the Forfeiture Allegation contained in the Indictment, the property listed above is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. Upon entry of this Order, the United States is authorized to seize the above-described property in accordance with Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n), the United States shall publish for 30 consecutive days on the Internet site, www. Forfeiture.gov, notice of the Court's Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than defendant Bennie A. Reyes, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Cynthia J. Hyde, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Pursuant to Fed. R. Crim. P. 32.2(b), this Preliminary Order of Forfeiture shall become final as to the defendant and shall be made part of the sentence and included in the judgment.

5. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

Date:   April 18, 2014                     /s/ Greg Kays
                                           GREG KAYS, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT